UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

SEP 1 3 2005

Michael N. Milby, Clerk

PAMELA M. TITTLE, et al.,

          Plaintiffs,

vs.

ENRON CORP., et al.,

          Defendants.

No. H-01-3913

ELAINE L. CHAO, Secretary of the
United States Department of Labor,

          Plaintiff,

vs.

ENRON CORP., et al.,

          Defendants.

No. H-03-2257
Consolidated with
H-01-3913

CONSENT DECREE
BETWEEN THE SECRETARY OF LABOR AND
ENRON CORP.

    Plaintiff, ELAINE L. CHAO, Secretary of the United States

Department of Labor (the "Secretary"), and defendant Enron

Corp., with the approval and consent of the Official Committee

of Unsecured Creditors appointed in Enron Corp.'s chapter 11

case (the "Creditors' Committee"), have agreed to settle the

matters in controversy in this civil action and in In re Enron

Corp., et al, Case No. 01-16034 (AJG), pursuant to the terms and

provisions of the DOL Action Settlement Agreement, as defined below, and consent to the entry of this Consent Decree in accordance herewith:

WHEREAS, commencing on December 2, 2001, and periodically thereafter, Enron Corp. and its affiliated debtor entities (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), as jointly administered, In re Enron Corp., et al, Case No. 01-16034 (AJG) (the "Chapter 11 Cases");

WHEREAS, the Secretary filed proofs of claim in the Chapter 11 Cases, of which all but three proofs of claim, Claim Nos. 11026, 11027 and 11046, have been withdrawn (collectively, the "DOL Claims");

WHEREAS, by its Objection of Official Committee of Unsecured Creditors to Proof of Claim Nos. 13923, 14052, and 11025 through and including 11082 (the "Committee Objection"), Docket No. 16768, the Creditors' Committee objected to, among other proofs of claim, the allowance of the DOL Claims and asserted, in the alternative, that any recovery on account thereof should be subordinated pursuant to section 510 of the Bankruptcy Code;

2

*WHEREAS,* the Secretary's complaint, dated June 26, 2003 (the "Secretary's Complaint"), was filed in the United States District Court for the Southern District of Texas (the "District Court") against, among others, Enron Corp., pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et* *seq.*, relating to losses allegedly suffered by the Enron Corp. Savings Plan and the Enron Corp. Employee Stock Ownership Plan as a result of their investments in Enron Corp. stock, *Chao v. Enron Corp., et al.,* No. H-03-2257 (consolidated with H-01-3913) (the "DOL Action");

*WHEREAS,* by order, dated July 15, 2004 (the "Confirmation Order"), the Bankruptcy Court confirmed the Supplemental Modified Fifth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated July 2, 2004 (the "Plan"), for 175 of the Debtors, including Enron Corp. (collectively, the "Reorganized Debtors");

*WHEREAS,* on November 17, 2004, the Plan became effective and the Reorganized Debtors emerged from chapter 11;

*WHEREAS,* the Secretary, Enron Corp. and the Creditors' Committee, among others, have negotiated an agreement to settle all claims and issues between them arising from the matters alleged in the DOL Action and in the DOL Claims;

*WHEREAS,* pursuant to a Term Sheet reached among the following parties: (i) the Secretary; (ii)Enron Corp.; (iii)the

3

named plaintiffs in the "Tittle Action" (*Tittle, et al. v. Enron Corp. et al.*, Civil No. H 01-CV-3913) (the "Named Plaintiffs"); (iv) the Creditors' Committee; (v) State Street Bank and Trust Company as Independent Fiduciary; and (vi) the Pension Benefit Guaranty Corporation ("PBGC"), the parties have agreed, among other things, that the Named Plaintiffs shall have an allowed claim in Enron Corp.'s chapter 11 case in the amount of $356.25 million (the "Settlement Claim") which shall be treated *pari passu* with other allowed general unsecured claims against Enron Corp. in accordance with Class 4 of the Plan, including, without limitation, the right to receive distributions with respect to Litigation and Trust Claims and Special Litigation Claims, of which a portion of the Settlement Claim, in the amount of $305.36 million, shall also be allocated to settle the DOL Action and the DOL Claims and the United States Department of Labor (the "DOL") shall also have an allowed claim in the amount of $10.38 million as a penalty claim under section 502(1) of ERISA which shall be allowed and treated as in accordance with Class 380 of the Plan (the "Penalty Claim");

*WHEREAS,* contemporaneously herewith, the Named Plaintiffs in the Tittle Action have filed a motion for a good faith settlement determination with respect to the settlement of their action set forth in the Term Sheet (the "Class Action Settlement");

*WHEREAS,* the parties have agreed that (a) the Named
Plaintiffs and State Street on behalf of the Enron Corp. Savings
Plan, Enron Corp. Employee Stock Ownership Plan and Enron Corp.
Cash Balance Plan (collectively, the "Settling Plans") and (b)
the Secretary, though only as to the amount allocated to
settlement of the DOL Claims, jointly have the option (which
must be exercised prior to the commencement of the earlier of
(i) the hearing to consider the approval of the agreements based
upon the Term Sheet (the "DOL Action Settlement Agreement", the
"Tittle Class Action Settlement Agreement" and the "PBGC
Settlement Agreement") before the Bankruptcy Court and (ii) the
hearing to consider final approval of the Class Action
Settlement before the District Court), to receive a cash
distribution (or a combination of cash and a portion of the
Settlement Claim), in an agreed amount, at the same time as
initial distributions are made to holders of Allowed General
Unsecured Claims, as defined in the Plan, pursuant to Section
32.1 of the Plan, but in no event later than October 31, 2005,
in lieu of distributions that otherwise would be made pursuant
to the Plan;

*WHEREAS,* distributions made with respect to the Settlement
Claim are in addition to, and not in lieu of, the amounts
necessary to fund a "standard termination" of any employee
benefit plan;

5

*WHEREAS,* the Secretary is not a party to the Class Action Settlement, and the parties to this Consent Decree agree that the Class Action Settlement does not and cannot, therefore, operate to release, interfere with, qualify, or bar the prosecution of the DOL Action or the DOL Claims for any type of remedy, monetary or non-monetary, against any defendant;

*WHEREAS,* the Secretary and Enron Corp., its affiliated Debtor entities, their non-debtor affiliates and their current and former officers and directors (other than the individuals named as defendants in the Secretary's Complaint) and the Creditors' Committee expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Consent Decree as a full and complete resolution of the DOL Action and the DOL Claims against Enron Corp. alone, subject to approval of the DOL Action Settlement Agreement by the Bankruptcy Court;

*ACCORDINGLY,* it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.    The parties have agreed to the entry of an Order, substantially in the form attached hereto as Exhibit "A" (the "DOL Bankruptcy Court Order"), approving the DOL Action Settlement Agreement, attached hereto as Exhibit "B", in the Chapter 11 Cases. The DOL Action Settlement Agreement and the DOL Bankruptcy Court Order are incorporated by reference to this

6

Consent Decree. The salient provisions of the DOL Action
Settlement Agreement are described below.

2.   The District Court shall have exclusive jurisdiction
to resolve any disputes, issues or controversies that may arise
under this Consent Decree except to the extent that they relate
to (a) the Settlement Claim, (b) the DOL Claims, (c) the
Committee Objection and (d) matters arising under the Chapter 11
Cases.   The District Court shall also have jurisdiction to
resolve any dispute as to whether an issue or determination is
subject to Bankruptcy Court jurisdiction under the DOL Action
Settlement Agreement.

3.   Upon approval of the DOL Action Settlement Agreement
by the Bankruptcy Court, the Named Plaintiffs shall have an
allowed claim in Enron Corp.'s Chapter 11 Case in the amount of
$356.25 million (the "Settlement Claim") which shall be treated
pari passu with other allowed general unsecured claims against
Enron Corp. in accordance with Class 4 of the Plan, including,
without limitation, the right to receive distributions with
respect to Litigation Trust Claims and Special Litigation
Claims, of which a portion of the Settlement Claim, in the
amount of $305.36 million of the Settlement Claim, attributable
to Counts I through III and V of the Tittle Action, shall also
be allocated to the DOL Action and claims filed by and on behalf
of State Street, as independent fiduciary, on behalf of the

7

Enron Corp. Savings Plan and the Enron Corp. ESOP.
Notwithstanding this allocation of a portion of the Settlement
Claim to the DOL Action and claims filed by and on behalf of
State Street, as independent fiduciary, on behalf of the
Settling Plans, there shall be only one recovery on account of
the Settlement Claim in accordance with the plans of allocation
to be approved by the District Court in the Tittle Action. In
addition, upon approval of the DOL Action Settlement Agreement
by the Bankruptcy Court, the DOL shall have an allowed claim in
Enron Corp.'s Chapter 11 Case in the amount of $10.38 million as
a penalty claim, treated in accordance with section 380 of the
Plan.

4.    As used herein, the term "Effective Date" shall mean
the date on which all of the following orders become final and
non-appealable: this Consent Decree; the Tittle Approval Orders;
(together, the Consent Decree and the Tittle Approval Orders are
hereinafter referred to as the "District Court Orders"); the DOL
Bankruptcy Court Order; the Bankruptcy Court Order approving the
Tittle Class Action Settlement Agreement (the "Tittle Bankruptcy
Court Order"); and the Bankruptcy Court Order approving the PBGC
Settlement Agreement (the "PBGC Bankruptcy Court
Order")(together, the DOL Bankruptcy Court Order, the Tittle
Bankruptcy Court Order and the PBGC Bankruptcy Court Order are
hereinafter referred to as the "Bankruptcy Court Orders").

8

5.    On the Effective Date, and subject to the provisions
of Article VII of the DOL Action Settlement Agreement, all claims
and causes of action asserted in the DOL Action against Enron
Corp., their non-debtor affiliates and each of their current and
former officers and directors (other than those individuals named
as defendants in the DOL Action pursuant to the DOL Complaint,
dated June 26, 2003) shall be deemed dismissed, with prejudice,
except for the Settlement Claim and the Penalty Claim.

6.    On the Effective Date, the Secretary agrees to hold
each of the Debtors and their non-Debtor affiliates harmless
from any claims for indemnification and/or contribution which
have been or could have been asserted against the Debtors and
their non-Debtor affiliates arising from or relating to the DOL
Action, including, without limitation, any claims for
indemnification and/or contribution which have been or could
have been asserted by The Northern Trust Company arising from or
relating to the DOL Action and the Enron Corp. Plans. Such
agreement to hold the Debtors and their non-Debtor affiliates
harmless shall be implemented solely through distributions to be
made pursuant to the compromise and settlement with the
indemnified party or the reduction of any judgment which may be
obtained against the indemnified party in an amount equal to the
distribution that such party would otherwise receive from the
Debtors on account of such indemnified claim pursuant to the
Plan.  Enron Corp. shall use its reasonable best efforts to

9

defend against any claim asserted by any party for
indemnification which would give rise to an obligation under
this paragraph, including, without limitation, by seeking the
subordination of any such claim in the Bankruptcy Court.  In the
event that the Debtors determine to compromise and settle any
claim for indemnification and/or contribution against the
Debtors and covered by the provisions of Section 4.6 of the DOL
Action Settlement Agreement, such determination shall be made
only upon the prior written consent of the Secretary, which
consent shall not be unreasonably withheld.

        7.  On the Effective Date, any claims against Enron Corp.,
its affiliated Debtor entities and their non-debtor affiliates
and each of their current and former officers and directors
(other than the individuals named as defendants in the
Secretary's complaint) for indemnification arising from or
relating to the claims asserted in the DOL Action shall be
barred.  Any distributions actually received by the Settling
Plans as a result of this settlement shall be treated as
reducing the amount recoverable by the Secretary in her action
against any person barred from asserting claims for
indemnification by operation of the DOL Action Settlement
Agreement.

        8.   On the Effective Date, without the need for the
execution and delivery of additional documentation or the entry

10

of any additional orders, except as expressly provided herein or in the DOL Action Settlement Agreement, the Secretary, for and on behalf of herself and the DOL, waives, releases and forever discharges any and all claims which she has or may have against Enron Corp., its affiliated Debtor entities, their non-debtor affiliates and each of their current and former officers and directors (other than The Northern Trust Company and those individuals named as defendants in the Secretary's Complaint), Stephen Forbes Cooper, LLC ("SFC"), Stephen F. Cooper ("Cooper"), the Creditors' Committee, current and former members of the Creditors' Committee, and each of the foregoing's agents, representatives, attorneys and other advisors, arising from, relating to, or in connection with the matters, transactions, acts and omissions asserted or that could have been asserted in the DOL Action, including, without limitation, any claims for an alleged failure to sell or cause the sale of the common stock of Enron Corp. held in the Enron Corp. Savings Plan and Enron Corp. ESOP during the period from and after December 2, 2001 except for the Settlement Claim and the Penalty Claim.

9.    On the Effective Date, the Secretary shall permanently cease any other civil proceeding and civil investigation of Enron Corp., its affiliated Debtor entities, their non-debtor affiliates and each of their current and former officers and directors (other than The Northern Trust Company and those

11

individuals named as defendants in the Secretary's Complaint),
SFC, Cooper, the Creditors' Committee, current and former
members of the Creditors' Committee, and each of the fore
going's agents, representatives, attorneys and other advisors
(other than The Northern Trust Company and those individuals
named as defendants in the Secretary's Complaint), arising out
of or relating to, the facts alleged in the Secretary's
Complaint, including, without limitation, any claims for an
alleged failure to sell or cause the sale of the common stock of
Enron Corp. held in the Enron Corp. Savings Plan and Enron Corp.
ESOP during the period from and after December 2, 2001;
provided, however, that nothing in this Consent Decree shall
preclude the Secretary from initiating or continuing any audit
or investigation, or from pursuing any claims or actions against
any entities or persons other than those listed in this
paragraph concerning the facts alleged in the Secretary's
Complaint.

 10. On the Effective Date, the Secretary shall be deemed
to have released State Street from any claims which the
Secretary may have arising under Title I of ERISA relating to
the services provided by State Street as independent fiduciary
of the Settling Plans, except for State Street's gross
negligence, willful misconduct or intentional breach of
fiduciary duty.

11.   On the Effective Date, the following parties shall be deemed to have waived, released and discharged any and all claims of whatever nature which they may have against the DOL, the Secretary, or any of her officers, agents, employees or representatives, arising from or relating to the DOL Action or any other proceeding and investigation incident thereto, including, without limitation, claims for costs, fees or other expenses under the Equal Access to Justice Act, as amended, 28 U.S.C. § 2412: (i)Enron Corp.; (ii) its affiliated Debtor entities;(iii) their non-debtor affiliates and their current and former officers and directors (other than The Northern Trust Company and those individuals named as defendants in the Secretary's Complaint); (iv) SFC;(v) Cooper; (vi) the Creditors' Committee; (vii) current and former members of the Creditors' Committee; (viii) and each of the fore going's agents, representatives, attorneys and other advisors (other than The Northern Trust Company and those individuals named as defendants in the Secretary's Complaint).

12.   The Term Sheet, this Consent Decree and the DOL Action Settlement Agreement result from an investigation of the Enron Corp. Savings Plan, Enron Corp. Corp. Employee Stock Ownership Plan and Enron Corp. Cash Balance Plan, conducted by the Department within the meaning of Prohibited Transaction Class Exemption 79-15 and all Prohibited Transaction Class Exemptions.

13.   In the event that, for any reason whatsoever, (a) the terms of the Class Action Settlement are materially different from the provisions of the Term Sheet or the parties to settlements described in the Term Sheet change, (b) the District Court declines to approve any of the District Court Orders, (c) any of the District Court Orders approving the settlement described in the Term Sheet are reversed and such reversal becomes a final non-appealable order, (d) the Bankruptcy Court declines to approve any of the Bankruptcy Court Orders by August 31, 2005, unless otherwise extended, in writing, by the parties to the Term Sheet, (e) any order of the Bankruptcy Court declining to approve the Tittle settlement, the PBGC settlement, or this settlement becomes a final non-appealable order, or (f) any of the Bankruptcy Court Orders approving the Tittle settlement, the PBGC settlement, or this settlement are reversed and such reversal becomes a final non-appealable order, then this Consent Decree shall be deemed null and void.  In the event that the Consent Decree or the DOL Action Settlement Agreement becomes null and void, then:  (a) the Secretary will be free to pursue all of the claims alleged in her Complaint or any amendment of that Complaint and to seek all relief prayed for in her Complaint or any Amended Complaints against the other parties to this Consent Decree, including her claims for non-monetary and monetary relief; (b) the other parties to this

14

Consent Decree will be free to assert all of their defenses of
any kind to the Secretary's claims other than defenses arguing
that any part of the Class Action Settlement, or any bar order
issued pursuant to that Agreement, can be construed to release,
interfere with, qualify, or bar the prosecution of claims by the
Secretary for any type of remedy, monetary or non-monetary set
forth in her Complaint or any amended Complaint; and (c) the
provisions of this Consent Decree shall be of no further force
or effect and shall not be admissible in evidence in any action
pending or filed against any party.

14.  The parties hereto agree, and the District Court
finds, that the terms of this Consent Decree, the DOL Action
Settlement Agreement and the exhibits annexed hereto and
thereto, set forth the sole terms of the Secretary's settlement
with Enron Corp., its affiliated Debtor entities, their non-
debtor affiliates and each of their current and former officers
and directors (other than The Northern Trust Company and those
individuals named as defendants in the Secretary's Complaint),
SFC, Cooper, the Creditors' Committee, current and former
members of the Creditors' Committee, and each of the fore
going's agents, representatives, attorneys and other advisors
(other than The Northern Trust Company and those individuals
named as defendants in the Secretary's Complaint), that the
Secretary is not a party to the Class Action Settlement, and

that nothing in the Class Action Settlement, or any bar order
issued pursuant to that Class Action Settlement, will be
construed to release, interfere with, qualify, or bar the
prosecution of claims by the Secretary for any type of remedy,
monetary or non-monetary.  Any recovery pursuant to the Class
Action Settlement, however, may reduce the amount of losses
actually incurred by the Enron Corp. Savings Plan or Enron Corp.
ESOP and, to that extent and to that extent only, if
appropriate, reduce the amount recoverable by the Secretary in
her own action.

15.   Enron Corp., its affiliated Debtor entities, their
non-debtor affiliates and each of their current and former
officers and directors agree to include in any Settlement of any
claims against them under Title I of ERISA other than a
settlement with the Secretary, the following paragraph:

> Notwithstanding anything else in this Agreement, this Agreement does
> not waive, release or interfere with the independent right of the
> Secretary of the DOL to bring claims against any person or entity
> otherwise released by this or pursuant to this Agreement absent the
> Secretary's specific written consent.  Nothing in this Agreement,
> the Approval Order or the District Court Order shall release,
> interfere with, qualify, or bar the prosecution of claims by the
> Secretary for any type of remedy, monetary or non-monetary, absent
> the Secretary's specific written consent.

Enron Corp., its affiliated Debtor entities, their non-debtor
affiliates and their current and former officers and directors
also agree that any Settlement shall not include any language
which purports to release any claims, civil or criminal, which

16

are enforceable by the United States Government or any agency of the United States Government.  This Consent Decree is null and void in the event that any Settlement is approved by any Court that contains any language which purports to release any claims, civil or criminal, which are enforceable by the United States Government or any agency of the United States Government.  In addition, nothing in this Consent Decree should be construed to prevent the Secretary from asserting any objection to or opposing any provision of the Class Action Settlement.

16.  The parties agree that this Consent Decree does not prevent or in any way interfere with the Secretary's ability to share any documents in her possession with any other governmental agency or party.

17.  All notices, demands or other communications hereunder shall be in writing and shall be deemed to have been duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed facsimile transmission ("FAX"), or delivered by reputable express overnight courier to:

    If to the Secretary:

        Timothy Hauser
        Leslie C. Perlman
        Robin Springberg Parry
        U.S. Department of Labor
        Office of the Solicitor

17

Plan Benefits Security Division

    (Mail Address)
P.O. Box 1914
Washington, D.C. 20013

    (Delivery Address)
200 Constitution Ave., N.W.
Room N-4611
Washington, D.C.  20210
Telephone:  (202) 693-5614

    (FAX)
Fax: (202) 693-5610

Due to security measures in place relating to
Department of Labor mail delivery, communications
containing electronic media (disks, cd's, etc) may
only be made by courier.

If to Enron Corp., to:

ENRON CORP.
1221 Lamar Street
Suite 1600
Houston, Texas
       77010
Attention:  General Counsel
Telephone:  (713) 646-6017

    (FAX)
Fax: (713) 646-6017

    with a copy to:

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Phone:  (212) 310-8000
Attention:  Brian S. Rosen, Esq.

    (FAX)
Fax: (212) 310-8007

    and with a copy to:

WEIL GOTSHAL & MANGES LLP

18

```
            700 Louisiana
            Suite 1600
            Houston, Texas  77002
            Phone:  (713) 546-5000
            Attention:  John B. Strasburger, Esq.

                (FAX)
            Fax: (713) 224-9511

    If to the Creditors' Committee:

            MILBANK, TWEED, HADLEY
                & McCLOY LLP
            One Chase Manhattan Plaza
            New York, New York  10005
            Phone:  (212) 530-5000
            Attention:  Susheel Kirpalani, Esq.

                (FAX)
            Fax: (212) 530-5219
```

18.   Each party to this Consent Decree shall bear its own costs, expenses, and attorneys' fees incurred in connection with this civil action and all matters relating thereto.

19.   This Consent Decree represents a full, final and complete judicial resolution of all claims between the Secretary and Enron Corp. in this civil action.

20.   This Consent Decree is not binding upon any agency of the United States Government other than the United States Department of Labor.

21.   The undersigned attorneys acknowledge and represent that they are counsel of record for the parties and are authorized and empowered to execute this Consent Decree on behalf of their respective clients and that their clients have

been informed of and understand the terms of this Consent Decree.

22.  To the extent there is any inconsistency between this Consent Decree and the DOL Action Settlement Agreement, the terms and provisions of the DOL Action Settlement Agreement shall govern.

SO ORDERED this _12th_ day of _September_, 2005.

_Melind Ha_

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

20

The undersigned apply for and consent to the entry of the foregoing Consent Decree.

**FOR THE SECRETARY:**
HOWARD M. RADZELY
Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor
Plan Benefits Security Division

LESLIE CANFIELD PERLMAN
Counsel for General Litigation

ROBIN SPRINGBERG PARRY
Senior Trial Attorney
Attorney-in-Charge

Dated: July 11, 2005

WAYNE R. BERRY
Senior Trial Attorney
SONYA LORGE LEVINE
MARY F. WILLIAMS
PETER DOLAN
Trial Attorneys
U.S. Department of Labor
Office of the Solicitor
(Mail Address)
Plan Benefits Security Division
P.O. Box 1914
Washington, D.C. 20013
(Delivery Address)
200 Constitution Ave., N.W.
Room N-4611
Washington, D.C.  20210
Phone:    (202) 693-5600
Fax:      (202) 693-5610

21

**FOR ENRON CORP:**

Dated: _July 11_____, 2005

_Brian Rosen_ (signature)
_____
BRIAN S. ROSEN, Esq.
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Phone:  (212) 310-8000
Fax:    (212) 310-8007
Counsel for Enron Corp. Corp.


**FOR CREDITORS' COMMITTEE:**

Dated: _____, 2005

_____
SUSHEEL KIRPALANI, Esq.
MILBANK, TWEED, HADLEY
      & McCLOY LLP
One Chase Manhattan Plaza
New York, New York  10005
Phone:  (212) 530-5000
Fax:    (212) 530-5219
Counsel for the Creditors'
Committee

22

**FOR ENRON CORP:**

Dated: _____, 2005

_____
BRIAN S. ROSEN, Esq.
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Phone:  (212) 310-8000
Fax:    (212) 310-8007
Counsel for Enron Corp. Corp.

**FOR CREDITORS' COMMITTEE:**

Dated: _____, 2005

_____
SUSHEEL KIRPALANI, Esq.
MILBANK, TWEED, HADLEY
      & McCLOY LLP
One Chase Manhattan Plaza
New York, New York  10005
Phone:  (212) 530-5000
Fax:    (212) 530-5219
Counsel for the Creditors'
Committee