```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION

In Re ENRON CORPORATION        §
SECURITIES, DERIVATIVE &       §       MDL 1446
"ERISA" LITIGATION,            §
_____
PAMELA M. TITTLE, on behalf of §
herself and a class of persons §
similarly situated, ET AL.,    §
                               §
            Plaintiffs         §
                               §
VS.                            §       CIVIL ACTION NO. H-01-3913
                               §           CONSOLIDATED CASES
ENRON CORP., an Oregon         §
Corporation, ET AL.,           §
                               §
            Defendants.        §
_____
ELAINE L. CHAO, Secretary of   §
the United States Department   §
of Labor,                      §
                               §
            Plaintiff,         §
                               §
VS.                            §       CIVIL ACTION NO. H-03-2257
                               §
ENRON CORP., et al.,           §
                               §
            Defendants.        §
```

## OPINION AND ORDER

Pending before the Court in the above referenced cause is *Tittle* Plaintiffs' motion to set schedule for continuation of litigation (instrument #1246). In essence, after sole remaining Defendant Jeffrey Skilling's sentencing, set on October 23, 2006, for his criminal conviction, *Tittle* Plaintiffs seek to proceed with discovery and a litigation schedule (summary judgment and, if needed, trial) in the instant civil action, while Skilling asserts

his Fifth Amendment privilege and seeks a stay until his criminal conviction is final on appeal.  Alternatively, Skilling asks the Court to continue the current stay, which ends at his sentencing as he had requested, until August 2007, at which time the Court "can reevaluate the balance of interests . . ., when the Fifth Circuit may have resolved Mr. Skilling' direct appeal."

Because the Secretary of Labor has indicated that she wishes H-03-2257 to proceed on the same schedule as the *Tittle* litigation, the resolution of this motion applies to that action, also.  #46 in H-03-2257.

The Court agrees with *Tittle* Plaintiffs that the issue here is not whether Skilling may assert his Fifth Amendment rights,[1] but

---

[1] A person has an established constitutional right to assert his Fifth Amendment privilege in civil as well as criminal proceedings. *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972); *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)(the Fifth Amendment allows an individual "not to answer official questions put to him in any . . . proceeding, civil or criminal, formal or informal, where the answer might incriminate him.").  Nevertheless Skilling has no constitutional right to stay civil proceedings until all his criminal judgment is final after appeal.  *United States v. Kordel*, 397 U.S. 1, 11 (1970)(Constitution does not give parties blanket protection from the risk of contemporaneous criminal and civil proceedings); *SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 666-67 (5th Cir. 1981).  Unlike in a criminal case, in a civil case if a defendant refuses to testify in response to probative evidence offered against him based on his Fifth Amendment privilege, an adverse inference may be drawn against him. *Mitchell v. United States*, 526 U.S. 314, 327 (1999)(This rule "accommodates the right not to be a witness against oneself while still permitting civil litigation to proceed."), *citing Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).  An assertion of the Fifth Amendment privilege "is not a substitute for relevant evidence" and

whether this Court should continue to stay this five-year old civil proceeding in the face of Skilling's parallel criminal proceeding, which has resulted in a conviction.

Given the overlapping subject matter of civil and criminal proceedings, this Court in its discretion has previously applied a balancing test, weighing the protection of the Defendant's Fifth Amendment rights against Plaintiffs' interest in pursuing their civil damages claims, to resolve various Defendants' motions to stay parallel civil actions. *See, e.g.,* #570 in H-01-3913. Among the factors considered by courts are (1) the nature of the proceedings, (2) how and when the Fifth Amendment is invoked and a stay of the civil proceedings requested, (3) the relative weights of the parties' competing interests with a view toward accommodating those interests, if possible, including the interests of the civil plaintiff in proceeding expeditiously and potential

---

a party claiming the privilege is not "freed from adducing proof in support of a burden which otherwise would have been his." *United States v. Rylander*, 460 U.S. 752, 758, 761 (1983)("We have squarely rejected the notion . . . that a possible failure of proof on an issue where the defendant had the burden of proof is a form of 'compulsion,' which requires that the burden be shifted . . . ."). That a litigant might be forced to choose "between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination." *Williams v. Florida*, 399 U.S. 78, 83-84 (1970). The Court has broad discretion in determining whether to stay civil litigation while the criminal action proceeds. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Kordel*, 397 U.S. at 12, n. 27.; *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980); *United States v. Georgia Pacific Corp.*, 562 F.2d 294, 296 (4th Cir. 1977). The decision rests upon the facts of each case.

prejudice to plaintiff from any further delay, and the hardship on the defendant, including the burden of defending if the parallel proceedings go forward at the same time; (4) the convenience of the civil and criminal courts; (5) the interests of third parties; (6) the public interest; (7) the good faith of the litigants; and (8) the status of the cases.  *See, e.g., United States v. Certain Real Property and Premises*, 55 F.3d 78 (2d Cir. 1995)(and cases cited therein); *Microfinancial, Inc. v. Premier Holidays International, Inc.*, 385 F.3d 72, 78 (1st Cir. 2004)(and cases cited therein); *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1088-89 (5th Cir. 1979).  The situation has changed substantially since the Court granted a number of Defendants' earlier filed motions to stay civil proceedings in MDL 1446.  For the reasons stated below, the Court finds the balance now weighs heavily in favor of permitting the civil *Tittle* class action to go forward. "In the absence of substantial prejudice to the rights of the parties involved, parallel proceedings are unobjectionable under our jurisprudence." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980).

The *Tittle* litigation has already been pending for five years and is at a "late stage," increasing financial hardship to plaintiffs, and further delay would add to the prejudice.  With the passage of time, inevitably witnesses become unavailable, memories

fade, and the risk of documents being lost rises.  The court necessarily has a strong interest in moving such an old case along on its docket.  There is also a strong public interest in prosecution of *Tittle* in view of the enormous losses in Enron ERISA plans by participants.  On the other hand, Skilling's criminal case has been tried and on May 26, 2006 resulted in a conviction for conspiracy, securities fraud, insider trading, and false statements to auditors; he is set for sentencing on October 23, 2006; his criminal defense strategy, a major basis for the Court's earlier stay, is no longer a secret.  Moreover he testified at length publicly, in front of Congress, as well as at his trial.  In *Tittle*, he has filed an answer to the complaint, responded to written discovery, and propounded his own discovery.  The Fifth Circuit recently rejected his appeal of the Court's ruling that the interpleader was not subject to arbitration, thus allowing the approved settlements with numerous other Defendants to be enforced and $85 million in settlement amount to be distributed to participants and beneficiaries of the Enron plan; a stay would prejudice Plaintiffs by delaying such distribution.

    For these reasons, the Court

    ORDERS that *Tittle* Plaintiffs' motion to set schedule (#1246) is GRANTED.  The following schedule will govern H-01-3913 and H-03-2257:

```
Close of Written Discovery . . . . . November 30, 2006

Close of Fact Discovery . . . . . . December 15, 2006

Disclosure of Expert Reports . . . . January 5, 2007

Disclosure of Rebuttal Experts . . . February 2, 2007

Close of Expert Discovery . . . . . March 9, 2007

Motions for Summary Judgment . . . . April 6, 2007

Responses . . . . . . . . . . . . . April 27, 2007

Replies . . . . . . . . . . . . . . May 11, 2007.
```

If summary judgment is not granted, the Court will set these actions for trial during the summer of 2007.

**SIGNED** at Houston, Texas, this 27th day of September, 2006.

                        MELINDA HARMON
               UNITED STATES DISTRICT JUDGE