IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAMELA M. TITTLE, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>ENRON CORP., et al., )<br><br>Defendants. ) | No. H 01-CV-3913 |
| ELAINE L. CHAO, Secretary )<br>of the United States Department )<br>of Labor, )<br><br>Plaintiff, )<br><br>v. )<br><br>ENRON CORPORATION, et al., )<br><br>Defendants. ) | No. H 03-CV-2257<br><br>Consolidated with<br>No. H-01-CV-3913 |

CONSENT DECREE BETWEEN
THE SECRETARY OF LABOR AND JEFFREY SKILLING

Plaintiff, ELAINE L. CHAO, Secretary of the United States Department of Labor

(the "Secretary"), and Defendant Jeffrey Skilling ("Skilling"), have agreed to settle the

matters in controversy in *Chao v. Enron Corp. et al.*, Civil No. H 03-CV-2257 (the

"*Chao* Action") pursuant to the terms of the Settlement Term Sheet, attached hereto as

Exhibit A, and consent to the entry of this Consent Decree in accordance herewith:

*WHEREAS,* the Secretary's complaint (the "Complaint") was filed in the United

States District Court for the Southern District of Texas (the "Court") against Jeffrey

1

Skilling, among others, on June 26, 2003, pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*;

*WHEREAS,* without any admission or denial of liability, the Secretary and Skilling have negotiated an agreement to settle all claims and issues between them arising from the matters alleged in the Secretary's Complaint;

*WHEREAS,* contemporaneously herewith, the named plaintiffs in the "*Tittle* Action" (Tittle, et.al. v. Enron Corp, et. al., Civil No. H 01-CV-3913)(the "Tittle Plaintiffs") have entered into a Class Action Settlement Agreement memorializing the agreement negotiated between the Tittle Plaintiffs and Skilling;

*WHEREAS,* pursuant to a Settlement Term Sheet reached among the following parties: (i) the Secretary; (ii) Skilling; and (iii) the Tittle Plaintiffs; the parties have stipulated, among other things, that:

    (a)    The Tittle Plaintiffs agree that the Class Action Settlement Agreement will be in full and final resolution of the *Tittle* Action as to Skilling, including all claims that were brought or could have been brought against Skilling in the *Tittle* Action;

    (b)    The Secretary agrees that this Consent Decree will be in full and final resolution of the *Chao* Action as to Skilling, including all claims that were or could have been brought against Mr. Skilling in the *Chao* Action;

    (c)    Skilling will dismiss his pending appeals in Tittle v. Enron Corp., --- F.3d ----, 2006 WL 2522444 (5th Cir. 2006), and Tittle v. Enron Corp., No. 05-20582 (5th Cir. app. docketed July 22, 2005), and withdraw all

2

pending objections or motions in the district court to the extent that the Fifth Circuit Court of Appeals has not issued an opinion on such appeals.

(d)     If the October 23, 2006 Order of Forfeiture entered in <u>U.S.A. v. Skilling</u>, Cr. No. H-04-25 (the "Forfeiture Order"), is not appealed in connection with the October 25, 2006 Judgment in a Criminal Case, or is affirmed on appeal such that it is final and subject to no further appeal or review, upon the forfeited funds being made available to provide restitution to victims as provided for in Paragraph 6 of the Forfeiture Order and in the Settlement Agreement referred to therein, Skilling shall have no obligation to make further payment with respect to the *Tittle* Action or the *Chao* Action;

(e)     If the Forfeiture Order is vacated on appeal, or is otherwise modified so that the forfeited funds are not made so available to provide restitution to victims, then Skilling shall pay $2,500,000 to the Settlement Fund for the participants and beneficiaries of the Enron Savings Plan and the Enron ESOP, as these capitalized terms are defined in the Class Action Settlement Agreement, in satisfaction of settlement of the *Tittle* Action and the *Chao* Action, and $500,000 in settlement of the penalty under ERISA § 502(l) as directed by the Secretary of Labor, whereupon Skilling shall then have no further payment obligation with respect to the *Tittle* Action or the *Chao* Action;

(f)      Skilling will assign all of his rights under and with respect to Enron's

Fiduciary and Employee Benefit Liability Insurance Policies issued by

Associated Electric & Gas Insurance Services Limited, as Primary

Carrier (Policy Number F0079A1A99), and Federal Insurance

Company, as Excess Carrier (Policy Number 8146-41-84A BHM), to

the Enron Savings Plan and the Enron ESOP;

(g)     Skilling will waive all of his rights to receive any benefits from the

Enron Savings Plan and the Enron ESOP; and

(h)     Skilling will be permanently enjoined from serving, directly or

indirectly, individually or through any entity or any other person:

(1) as an administrator, fiduciary, officer, trustee, custodian,

counsel, agent, employee, or representative in any capacity of any

employee benefit plan covered by ERISA;

(2) as a consultant or adviser to an employee benefit plan covered

by ERISA, including but not limited to any entity whose activities

are in whole or substantial part devoted to providing goods or

services to any employee benefit plan covered by ERISA, or

(3) in any capacity that involves decision-making authority or

custody or control of the moneys, funds, assets or property of any

employee benefit plan covered by ERISA.

*WHEREAS*, upon consideration of the record, and as agreed to by the parties, the

Court finds that it has jurisdiction over the parties and the subject matter of this civil

action;

4

*WHEREAS,* the Secretary and Skilling represent to the Court that this Consent

Decree and the attached Settlement Term Sheet are the sole and complete

memorialization of the agreement negotiated between them;

*WHEREAS,* the Secretary is not a party to the Class Action Settlement

Agreement, and that Agreement does not and cannot, therefore, operate to release,

interfere with, qualify, or bar the prosecution of her claims for any type of remedy,

monetary or non-monetary, against any defendant;

*WHEREAS,* the Secretary and Skilling expressly waive Findings of Fact and

Conclusions of Law and consent to the entry of this Consent Decree as a full and

complete resolution of the *Chao* Action against Skilling;

*ACCORDINGLY,* it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.　　This Court has jurisdiction over the parties to this Consent Decree and the

subject matter of this civil action and is empowered to provide the relief herein.

2.　　To settle this matter in its entirety and to put an end to the controversy

between the parties, the Secretary agrees that this Consent Decree will be a full and

final resolution of the *Chao* Action as to Skilling, and Skilling agrees that this Consent

Decree will be a full and final resolution of any claims he has or could have against the

Secretary arising out of the *Chao* Action or any other proceeding or investigation

incident thereto.

3.　　In accordance with the Settlement Term Sheet agreed to by the parties:

a.　　Skilling shall dismiss his pending appeals in Tittle v. Enron Corp., ---
F.3d ----, 2006 WL 2522444 (5th Cir. 2006), and Tittle v. Enron Corp.,
No. 05-20582 (5th Cir. app. docketed July 22, 2005),  to the extent that
the Fifth Circuit Court of Appeals has not issued an opinion on such
appeals, and withdraw all pending objections or motions in the district
court in the *Tittle* Action and in the *Chao* Action.

5

b. If the October 23, 2006 Order of Forfeiture entered in U.S.A. v. Skilling, Cr. No. H-04-25 (the "Forfeiture Order"), is not appealed in connection with the October 25, 2006 Judgment in a Criminal Case, or is affirmed on appeal such that it is final and subject to no further appeal or review, upon the forfeited funds being made available to provide restitution to victims as provided for in Paragraph 6 of the Forfeiture Order and in the Settlement Agreement referred to therein, Skilling shall have no obligation to make further payment with respect to the Tittle Action or the Chao Action.

c. If the Forfeiture Order is vacated on appeal, or is otherwise modified so that the forfeited funds are not made so available to provide restitution to victims, then Skilling shall pay $2,500,000 to the settlement fund in satisfaction of settlement of the *Tittle* Action and the *Chao* Action, and $500,000 in settlement of the penalty under ERISA § 502(l) as directed by the Secretary of Labor, whereupon Skilling shall then have no further payment obligation with respect to the *Tittle* Action or the *Chao* Action.

d. Skilling shall waive all of his rights to receive any benefits from the Enron Savings Plan and the Enron ESOP.

e. Skilling shall assign all of his rights under and with respect to Enron's Fiduciary and Employee Benefit Liability Insurance Policies issued by Associated Electric & Gas Insurance Services Limited, as Primary Carrier (Policy Number F0079A1A99), and Federal Insurance Company, as Excess Carrier (Policy Number 8146-41-84A BHM), to the Enron Savings Plan and the Enron ESOP.

f. Skilling is permanently enjoined from serving, directly or indirectly, individually or through any entity or other person:

> (1) as an administrator, fiduciary, officer, trustee, custodian, counsel, agent, employee, or representative in any capacity of any employee benefit plan covered by ERISA;

> (2) as a consultant or adviser to an employee benefit plan covered by ERISA, including but not limited to any entity whose activities are in whole or substantial part devoted to providing goods or services to any employee benefit plan covered by ERISA, or

> (3) in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets or property of any employee benefit plan covered by ERISA.

6

4.      In the event that (a) due to any action by Skilling any part of the moneys (other than the $500,000 in settlement of the penalty under ERISA § 502(l)) is deposited anywhere other than in the Settlement Fund, as that term is defined in the Class Action Settlement Agreement, (b) the Class Action Settlement Agreement is terminated by either party thereto, or due to any action by Skilling, the terms of the Class Action Settlement Agreement are materially altered, (c) this Court declines to approve the Class Action Settlement Agreement in whole or part, or (d) an order approving the Class Action Settlement Agreement is reversed on appeal, then at the Secretary's or Skilling's sole discretion, this Consent Decree may be deemed null and void and shall, upon written notice by the Secretary or Skilling served upon the parties to this Consent Decree, be vacated by the Court. The Secretary's and Skilling's right to declare this Consent Decree null and void shall expire, automatically, thirty (30) days after the last event described in section (a) - (d) of this paragraph 4 occurs.  In the event that the Secretary or Skilling makes such an election, the Secretary or Skilling shall provide written notice to that effect, within the thirty (30) day period, to the parties to this Consent Decree via the Secretary's or Skilling's counsel, or, if there is a substitution of counsel and notice of that substitution is provided to the parties, such other substituted counsel. In the event that the Secretary elects to declare this Consent Decree null and void, then the Secretary will be free to pursue all of the claims alleged in the Complaint or any amendment of that Complaint and to seek all relief prayed for in the Complaint or any Amended Complaints against Skilling, and Skilling shall be free to assert all defenses, counterclaims, and avoidances, as if this Consent Decree had not been entered.  In the event that the Consent Decree is declared null and void, the

Secretary may file all of the claims alleged in the Complaint or any amendment of that

Complaint against Skilling to which Skilling agrees that Skilling will not object on the

basis of lateness, but reserves his right to object to such Complaint or amended

Complaint on any other grounds. If the Consent Decree is terminated, no term or

condition of the Settlement Term Sheet or Consent Decree may be used against any

party in subsequent litigation.

5.      Nothing in this Consent Decree shall preclude the Secretary from initiating

or continuing any audit or investigation, or from pursuing any claims or actions against

any entities or persons other than Skilling concerning the facts arising out of the

Complaint.

6.      It is expressly agreed and understood by the parties hereto: (a) that this

Consent Decree does not encompass any claims that the Secretary has asserted or may

assert against any person or entity other than Skilling, and (b) that the Secretary expressly

reserves any and all such claims against all persons and entities other than Skilling. The

parties hereto agree, and this Court finds, that the terms of this Consent Decree set forth

the sole terms of the Secretary's settlement with Skilling, that the Secretary is not a party

to the Class Action Settlement Agreement, and that nothing in the Class Action

Settlement Agreement, or any bar order issued pursuant to that Agreement, will be

construed to release, interfere with, qualify, or bar the prosecution of claims by the

Secretary for any type of remedy, monetary or non-monetary. Any recovery pursuant to

the Class Action Settlement Agreement, however, may reduce the amount of losses

actually incurred by the Enron Savings Plan or Enron ESOP and, to that extent and to that

extent only, reduce the amount recoverable by the Secretary in her own action.

8

7.     Each party to this Consent Decree shall bear his or her own costs, expenses, and attorneys' fees incurred in connection with this civil action and all matters relating thereto.

8.     Skilling expressly waives, releases and forever discharges any and all claims which Skilling has or may have against the Secretary and the Department of Labor, or any of their officers, agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the filing, prosecution and maintenance of this civil action or any other proceeding or investigation incident thereto.  In particular, Skilling expressly waives any and all claims under the Equal Access to Justice Act (Pub. Law No. 96-481 [1980], reenacted at Pub. Law No. 99-80 [1985] and amended at Pub. Law No. 104-121 [1996] which Skilling may have against the Secretary and the Department of Labor, or any of their officers, agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the filing, prosecution and maintenance of this action or investigation incident thereto.

9.     Upon satisfaction of the conditions set forth in this Consent Decree, the Secretary expressly waives, releases and forever discharges any and all claims which the Secretary has or may have against Skilling, relating to, arising out of, or in connection with the matters, transactions, events, acts and omissions alleged in the Complaint subject to paragraph 4 of this Consent Decree.

10.     This Consent Decree represents a full, final and complete judicial resolution of all claims between the Secretary and Skilling in the *Chao* Action.

11.     This Consent Decree is not binding upon any agency of the United States Government other than the United States Department of Labor.  Further, no agreements

contained herein shall inure to the benefit of any person, entity or agency not expressly

named herein; and no such person, entity or agency shall be deemed to be a third-party

beneficiary hereof or to have any rights or remedies by reason hereof.

       12.    The undersigned attorneys acknowledge and represent that they are

counsel of record for the parties and are authorized and empowered to execute this

Consent Decree on behalf of their respective clients.

       13.    The Court shall retain such jurisdiction over the parties to this Consent

Decree as may be necessary to enforce its executory provisions.


The Court, finding that there is no just reason to delay the entry of this Consent Decree,

expressly directs the entry thereof as a final order.

       **SO ORDERED** this _____ day of _____, 2006.


                                      _____

                                        MELINDA HARMON
                                      UNITED STATES DISTRICT JUDGE

The undersigned apply for and consent to the entry of the foregoing Consent Decree.

COUNSEL FOR SKILLING

Daniel Petrocelli
Jeffrey Barker
O'Melveny and Myers

_November 20, 2006_
Date

COUNSEL FOR THE SECRETARY

Timothy Hauser
Robin Springberg Parry
Department of Labor

_November 20, 2006_
Date

11

## SETTLEMENT TERM SHEET

*Tittle v. Enron Corp.*, No. H-01-3913 (the "*Tittle* Action")
*Chao v. Enron Corp.*, No. H-03-2257 (the "*Chao* Action")

Jeffrey K. Skilling ("Skilling"), the Named Plaintiffs in the *Tittle* Action ("*Tittle* Plaintiffs"), and the Secretary of Labor (the "Secretary") (collectively the "Settling Parties") agree to settle on the following terms:

1.  *Tittle* Plaintiffs will dismiss with prejudice all claims that were brought or could have been brought against Skilling in the *Tittle* Action.

2.  The Secretary will dismiss with prejudice all claims that were or could have been brought against Skilling in the *Chao* Action.

3.  Skilling will dismiss with prejudice his pending appeals in Fifth Circuit Court of Appeals Nos. 05-20380 and 05-20582 and withdraw all pending objections or motions in the *Tittle* and *Chao* Actions in the district court.

4.  Skilling will relinquish any interest he has in the Enron Savings Plan and the Enron ESOP.

5.  If the October 23, 2006 Order of Forfeiture entered in *U.S.A. v. Skilling*, Cr. No. H-04-25 (the "Forfeiture Order"), is not appealed or is affirmed on appeal such that it is final and subject to no further appeal or review, upon the forfeited funds being made available to provide restitution to victims as provided for in Paragraph 6 of the Forfeiture Order and in the Settlement Agreement referred to therein, Skilling shall have no obligation to make further payment with respect to the *Tittle* Action or the *Chao* Action. If the Forfeiture Order is vacated on appeal, or is otherwise modified so that the forfeited funds are not made so available to provide restitution to victims, then Skilling shall pay $2,500,000 to the settlement fund to be provided for in the settlement agreement described in Paragraph 11 below in satisfaction of settlement of the *Tittle* Action and the *Chao* Action, and $500,000 in settlement of the penalty under ERISA § 502(l) as directed by the Secretary of Labor, whereupon Skilling shall then have no further payment obligation with respect to the *Tittle* Action or the *Chao* Action.

6.  Skilling will assign all of his rights under and with respect to Enron's Fiduciary and Employee Benefit Liability Insurance Policies issued by Associated Electric & Gas Insurance Services Limited, as Primary Carrier (Policy Number F0079A1A99), and Federal Insurance Company, as Excess Carrier (Policy Number 8146-41-84A BHM) to the participants and beneficiaries in the Enron Savings Plan and the Enron ESOP.

7.  Skilling will be permanently enjoined from serving, directly or indirectly, individually or through any entity or any other person:
    (1) as an administrator, fiduciary, officer, trustee, custodian, counsel, agent, employee, or representative in any capacity of any employee benefit plan covered by ERISA;
    (2) as a consultant or adviser to an employee benefit plan covered by ERISA, including but not limited to any entity whose activities are in whole or substantial part devoted to providing goods or services to any employee benefit plan covered by ERISA, or
    (3) in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets or property of any employee benefit plan covered by ERISA.

EXHIBIT
A

8. Skilling will expressly waive, release and forever discharge any and all claims which he has or may have against the Secretary and the Department of Labor, or any of their officers, agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the filing, prosecution and maintenance of the *Chao* Action or any other proceeding or investigation incident thereto. In particular, Skilling expressly waives any and all claims under the Equal Access to Justice Act (Pub. Law No. 96-481 [1980], reenacted at Pub. Law No. 99-80 [1985] and amended at Pub. Law No. 104-121 [1996]) which he has or may have against the Secretary and the Department of Labor, or any of their officers, agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the filing, prosecution and maintenance of this action or investigation incident thereto. The Secretary of Labor will expressly waive, release and forever discharge any and all claims which she or the Department of Labor has or may have against Skilling relating to or arising out of the same operative facts as the claims asserted in the *Chao* Action. The *Tittle* Plaintiffs will expressly waive, release and forever discharge any and all claims which they have or may have against Skilling relating to or arising out of the same operative facts as the claims asserted in the *Tittle* Action.

9. The parties shall seek court approval of the dismissals referred to above in Paragraphs 1-3.

10. The parties agree that this settlement does not constitute an admission or denial of liability.

11. Upon execution of this Term Sheet, counsel will jointly call Judge Harmon to tell her of the settlement and will promptly seek a stay of all pending civil proceedings in the district court and the Fifth Circuit relating to Skilling.

12. The parties will memorialize the terms with respect to the *Tittle* Action in a Settlement Agreement and with respect to the *Chao* Action in a Consent Decree. The Court will have continued jurisdiction over the parties to the Settlement Agreement and Consent Decree and the subject matter of the *Tittle* and *Chao* actions and will be empowered to provide the relief herein.

13. If, at any time following the entry of the Consent Decree, the Secretary has a reasonable and good faith belief that Skilling has made a material misrepresentation to the Secretary, including but not limited to his financial status and the financial information provided to the Secretary during the course of the parties' settlement negotiations, then the Secretary may seek redress from the Court to establish that a material misrepresentation may have occurred. The Secretary shall be permitted to use all discovery procedures available under the Federal Rules of Civil Procedure to investigate and establish whether Skilling has made a material misrepresentation. Upon a sufficient showing of material misrepresentation, the Court shall enter a judgment against Skilling in the amount by which Skilling understated the actual value of his assets. For purposes of this paragraph, a misrepresentation is material if it would affect a reasonable person's determination whether to enter into the Settlement Term Sheet.

14. This settlement shall become final when the order finally approving this settlement becomes final. If the Court approves all of the terms and conditions herein, or if the parties elect to proceed with the settlement even though some of the terms or conditions herein are not approved by the Court, then the settlement shall become final when the

order approving this settlement becomes a final order. If any term or condition herein is not approved by the Court, then any party may elect to terminate the entire settlement and the parties shall jointly move to lift all stays then in effect. If the settlement is terminated, no term or condition of the settlement may be used against any party in subsequent litigation.

15.    The parties agree that nothing in the settlement shall release, waive, or modify the ability of the Secretary or the *Tittle* Plaintiffs to obtain additional recoveries from any other source or party who is not a signatory to the settlement based upon the claims asserted in the *Chao* and *Tittle* Actions; recoveries from such other sources and parties shall in no way reduce or offset the obligations of Skilling under the settlement.

16.    Each party shall bear its own costs, expenses, and attorneys' fees incurred with the actions listed above and all matters relating thereto.

17.    The compromise and settlement set forth herein is not binding upon any agency or affiliate of the United States Government other than the Department of Labor. Further, no agreements contained herein shall inure to the benefit of any person, entity or agency not expressly named as a party hereto; and no such person, entity or agency shall be deemed to be a third-party beneficiary hereof or to have any rights or remedies by reason hereof.

18.    This Settlement Term Sheet can be signed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

19.    The parties shall cooperate with the goal of obtaining final approval as quickly as is practicable and agree to prepare and execute seasonably, and in no event later than November 30, 2006, all documents (including without limitation a written settlement agreement) necessary to achieve preliminary approval.

Approved:

LEAD COUNSEL FOR *TITTLE* PLAINTIFFS

_____
Lynn Lincoln Sarko
Ron Kilgard
Britt Tinglum
Keller Rohrback, LLP

<u>11-14-06</u>
Date

_____
Steve Berman
Clyde A. Platt
Hagens Berman Sobol Shapiro, LLP

<u>November 14, 2006</u>
Date

COUNSEL FOR THE SECRETARY

_____
Timothy Hauser
Robin Springberg Parry
Department of Labor

<u>Nov. 14, 2006</u>
Date

COUNSEL FOR SKILLING

_____
Daniel Petrocelli
Karen Wahle
Jeffrey Barker
O'Melveny & Myers, LLP

_____
Date

Approved:

LEAD COUNSEL FOR *TITTLE* PLAINTIFFS

_____
Lynn Lincoln Sarko
Ron Kilgard
Britt Tinglum
Keller Rohrback, LLP

_____
Date

COUNSEL FOR THE SECRETARY

_____
Timothy Hauser
Robin Springberg Parry
Department of Labor

Nov. 14, 2006
_____
Date

_____
Steve Berman
Clyde A. Platt
Hagens Berman Sobol Shapiro, LLP

_____
Date

COUNSEL FOR SKILLING

_____
Daniel Petrocelli
Karen Wahle
Jeffrey Barker
O'Melveny & Myers, LLP

Nov 14, 2006
_____
Date

002/002

11/15/2006 11:24 FAX