IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAMELA M. TITTLE, et al., <br><br>     Plaintiffs, <br><br>       v. <br><br> ENRON CORP., et al., <br><br>     Defendants. | No. H 01-CV-3913 |
| ELAINE L. CHAO, Secretary <br> of the United States Department <br> of Labor, <br><br>     Plaintiff, <br><br>       v. <br><br> ENRON CORPORATION, et al., <br><br>     Defendants. | No. H 03-CV-2257 <br><br> Consolidated with <br> No. H-01-CV-3913 |

**CONSENT DECREE BETWEEN
THE SECRETARY OF LABOR AND JEFFREY SKILLING**

Plaintiff, ELAINE L. CHAO, Secretary of the United States Department of Labor (the "Secretary"), and Defendant Jeffrey Skilling ("Skilling"), have agreed to settle the matters in controversy in *Chao v. Enron Corp. et al.*, Civil No. H 03-CV-2257 (the "*Chao* Action") pursuant to the terms of the Settlement Term Sheet, attached hereto as Exhibit A, and consent to the entry of this Consent Decree in accordance herewith:

*WHEREAS,* the Secretary's complaint (the "Complaint") was filed in the United States District Court for the Southern District of Texas (the "Court") against Jeffrey

1

Skilling, among others, on June 26, 2003, pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*;

*WHEREAS,* without any admission or denial of liability, the Secretary and Skilling have negotiated an agreement to settle all claims and issues between them arising from the matters alleged in the Secretary's Complaint;

*WHEREAS,* contemporaneously herewith, the named plaintiffs in the "*Tittle* Action" (Tittle, et.al. v. Enron Corp. et. al., Civil No. H 01-CV-3913)(the "Tittle Plaintiffs") have entered into a Class Action Settlement Agreement memorializing the agreement negotiated between the Tittle Plaintiffs and Skilling;

*WHEREAS,* pursuant to a Settlement Term Sheet reached among the following parties: (i) the Secretary; (ii) Skilling; and (iii) the Tittle Plaintiffs; the parties have stipulated, among other things, that:

(a) The Tittle Plaintiffs agree that the Class Action Settlement Agreement will be in full and final resolution of the *Tittle* Action as to Skilling, including all claims that were brought or could have been brought against Skilling in the *Tittle* Action;

(b) The Secretary agrees that this Consent Decree will be in full and final resolution of the *Chao* Action as to Skilling, including all claims that were or could have been brought against Mr. Skilling in the *Chao* Action;

(c) Skilling will dismiss his pending appeals in Tittle v. Enron Corp., --- F.3d ----, 2006 WL 2522444 (5th Cir. 2006), and Tittle v. Enron Corp., No. 05-20582 (5th Cir. app. docketed July 22, 2005), and withdraw all

2

pending objections or motions in the district court to the extent that the Fifth Circuit Court of Appeals has not issued an opinion on such appeals.

(d)     If the October 23, 2006 Order of Forfeiture entered in U.S.A. v. Skilling, Cr. No. H-04-25 (the "Forfeiture Order"), is not appealed in connection with the October 25, 2006 Judgment in a Criminal Case, or is affirmed on appeal such that it is final and subject to no further appeal or review, upon the forfeited funds being made available to provide restitution to victims as provided for in Paragraph 6 of the Forfeiture Order and in the Settlement Agreement referred to therein, Skilling shall have no obligation to make further payment with respect to the *Tittle* Action or the *Chao* Action;

(e)     If the Forfeiture Order is vacated on appeal, or is otherwise modified so that the forfeited funds are not made so available to provide restitution to victims, then Skilling shall pay $2,500,000 to the Settlement Fund for the participants and beneficiaries of the Enron Savings Plan and the Enron ESOP, as these capitalized terms are defined in the Class Action Settlement Agreement, in satisfaction of settlement of the *Tittle* Action and the *Chao* Action, and $500,000 in settlement of the penalty under ERISA § 502(l) as directed by the Secretary of Labor, whereupon Skilling shall then have no further payment obligation with respect to the *Tittle* Action or the *Chao* Action;

3

(f)     Skilling will assign all of his rights under and with respect to Enron's

Fiduciary and Employee Benefit Liability Insurance Policies issued by

Associated Electric & Gas Insurance Services Limited, as Primary

Carrier (Policy Number F0079A1A99), and Federal Insurance

Company, as Excess Carrier (Policy Number 8146-41-84A BHM), to

the Enron Savings Plan and the Enron ESOP;

(g)     Skilling will waive all of his rights to receive any benefits from the

Enron Savings Plan and the Enron ESOP; and

(h)     Skilling will be permanently enjoined from serving, directly or

indirectly, individually or through any entity or any other person:

(1) as an administrator, fiduciary, officer, trustee, custodian,

counsel, agent, employee, or representative in any capacity of any

employee benefit plan covered by ERISA;

(2) as a consultant or adviser to an employee benefit plan covered

by ERISA, including but not limited to any entity whose activities

are in whole or substantial part devoted to providing goods or

services to any employee benefit plan covered by ERISA, or

(3) in any capacity that involves decision-making authority or

custody or control of the moneys, funds, assets or property of any

employee benefit plan covered by ERISA.

*WHEREAS*, upon consideration of the record, and as agreed to by the parties, the

Court finds that it has jurisdiction over the parties and the subject matter of this civil

action;

4

*WHEREAS,* the Secretary and Skilling represent to the Court that this Consent Decree and the attached Settlement Term Sheet are the sole and complete memorialization of the agreement negotiated between them;

*WHEREAS,* the Secretary is not a party to the Class Action Settlement Agreement, and that Agreement does not and cannot, therefore, operate to release, interfere with, qualify, or bar the prosecution of her claims for any type of remedy, monetary or non-monetary, against any defendant;

*WHEREAS,* the Secretary and Skilling expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Consent Decree as a full and complete resolution of the *Chao* Action against Skilling;

*ACCORDINGLY,* it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.      This Court has jurisdiction over the parties to this Consent Decree and the subject matter of this civil action and is empowered to provide the relief herein.

2.      To settle this matter in its entirety and to put an end to the controversy between the parties, the Secretary agrees that this Consent Decree will be a full and final resolution of the *Chao* Action as to Skilling, and Skilling agrees that this Consent Decree will be a full and final resolution of any claims he has or could have against the Secretary arising out of the *Chao* Action or any other proceeding or investigation incident thereto.

3.      In accordance with the Settlement Term Sheet agreed to by the parties:

a.      Skilling shall dismiss his pending appeals in Tittle v. Enron Corp., --- F.3d ----, 2006 WL 2522444 (5th Cir. 2006), and Tittle v. Enron Corp., No. 05-20582 (5th Cir. app. docketed July 22, 2005), to the extent that the Fifth Circuit Court of Appeals has not issued an opinion on such appeals, and withdraw all pending objections or motions in the district court in the *Tittle* Action and in the *Chao* Action.

5

b.  If the October 23, 2006 Order of Forfeiture entered in U.S.A. v. Skilling, Cr. No. H-04-25 (the "Forfeiture Order"), is not appealed in connection with the October 25, 2006 Judgment in a Criminal Case, or is affirmed on appeal such that it is final and subject to no further appeal or review, upon the forfeited funds being made available to provide restitution to victims as provided for in Paragraph 6 of the Forfeiture Order and in the Settlement Agreement referred to therein, Skilling shall have no obligation to make further payment with respect to the Tittle Action or the Chao Action.

c.  If the Forfeiture Order is vacated on appeal, or is otherwise modified so that the forfeited funds are not made so available to provide restitution to victims, then Skilling shall pay $2,500,000 to the settlement fund in satisfaction of settlement of the *Tittle* Action and the *Chao* Action, and $500,000 in settlement of the penalty under ERISA § 502(l) as directed by the Secretary of Labor, whereupon Skilling shall then have no further payment obligation with respect to the *Tittle* Action or the *Chao* Action.

d.  Skilling shall waive all of his rights to receive any benefits from the Enron Savings Plan and the Enron ESOP.

e.  Skilling shall assign all of his rights under and with respect to Enron's Fiduciary and Employee Benefit Liability Insurance Policies issued by Associated Electric & Gas Insurance Services Limited, as Primary Carrier (Policy Number F0079A1A99), and  Federal Insurance Company, as Excess Carrier (Policy Number 8146-41-84A BHM), to the Enron Savings Plan and the Enron ESOP.

f.  Skilling is permanently enjoined from serving, directly or indirectly, individually or through any entity or other person:

(1) as an administrator, fiduciary, officer, trustee, custodian, counsel, agent, employee, or representative in any capacity of any employee benefit plan covered by ERISA;

(2) as a consultant or adviser to an employee benefit plan covered by ERISA, including but not limited to any entity whose activities are in whole or substantial part devoted to providing goods or services to any employee benefit plan covered by ERISA, or

(3) in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets or property of any employee benefit plan covered by ERISA.

4.    In the event that (a) due to any action by Skilling any part of the moneys
(other than the $500,000 in settlement of the penalty under ERISA § 502(l)) is
deposited anywhere other than in the Settlement Fund, as that term is defined in the
Class Action Settlement Agreement, (b) the Class Action Settlement Agreement is
terminated by either party thereto, or due to any action by Skilling, the terms of the
Class Action Settlement Agreement are materially altered, (c) this Court declines to
approve the Class Action Settlement Agreement in whole or part, or (d) an order
approving the Class Action Settlement Agreement is reversed on appeal, then at the
Secretary's or Skilling's sole discretion, this Consent Decree may be deemed null and
void and shall, upon written notice by the Secretary or Skilling served upon the parties
to this Consent Decree, be vacated by the Court. The Secretary's and Skilling's right to
declare this Consent Decree null and void shall expire, automatically, thirty (30) days
after the last event described in section (a) - (d) of this paragraph 4 occurs. In the event
that the Secretary or Skilling makes such an election, the Secretary or Skilling shall
provide written notice to that effect, within the thirty (30) day period, to the parties to
this Consent Decree via the Secretary's or Skilling's counsel, or, if there is a
substitution of counsel and notice of that substitution is provided to the parties, such
other substituted counsel. In the event that the Secretary elects to declare this Consent
Decree null and void, then the Secretary will be free to pursue all of the claims alleged
in the Complaint or any amendment of that Complaint and to seek all relief prayed for
in the Complaint or any Amended Complaints against Skilling, and Skilling shall be
free to assert all defenses, counterclaims, and avoidances, as if this Consent Decree had
not been entered. In the event that the Consent Decree is declared null and void, the

7

Secretary may file all of the claims alleged in the Complaint or any amendment of that Complaint against Skilling to which Skilling agrees that Skilling will not object on the basis of lateness, but reserves his right to object to such Complaint or amended Complaint on any other grounds. If the Consent Decree is terminated, no term or condition of the Settlement Term Sheet or Consent Decree may be used against any party in subsequent litigation.

5.     Nothing in this Consent Decree shall preclude the Secretary from initiating or continuing any audit or investigation, or from pursuing any claims or actions against any entities or persons other than Skilling concerning the facts arising out of the Complaint.

6.     It is expressly agreed and understood by the parties hereto: (a) that this Consent Decree does not encompass any claims that the Secretary has asserted or may assert against any person or entity other than Skilling, and (b) that the Secretary expressly reserves any and all such claims against all persons and entities other than Skilling. The parties hereto agree, and this Court finds, that the terms of this Consent Decree set forth the sole terms of the Secretary's settlement with Skilling, that the Secretary is not a party to the Class Action Settlement Agreement, and that nothing in the Class Action Settlement Agreement, or any bar order issued pursuant to that Agreement, will be construed to release, interfere with, qualify, or bar the prosecution of claims by the Secretary for any type of remedy, monetary or non-monetary. Any recovery pursuant to the Class Action Settlement Agreement, however, may reduce the amount of losses actually incurred by the Enron Savings Plan or Enron ESOP and, to that extent and to that extent only, reduce the amount recoverable by the Secretary in her own action.

7.     Each party to this Consent Decree shall bear his or her own costs, expenses, and attorneys' fees incurred in connection with this civil action and all matters relating thereto.

8.     Skilling expressly waives, releases and forever discharges any and all claims which Skilling has or may have against the Secretary and the Department of Labor, or any of their officers, agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the filing, prosecution and maintenance of this civil action or any other proceeding or investigation incident thereto. In particular, Skilling expressly waives any and all claims under the Equal Access to Justice Act (Pub. Law No. 96-481 [1980], reenacted at Pub. Law No. 99-80 [1985] and amended at Pub. Law No. 104-121 [1996] which Skilling may have against the Secretary and the Department of Labor, or any of their officers, agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the filing, prosecution and maintenance of this action or investigation incident thereto.

9.     Upon satisfaction of the conditions set forth in this Consent Decree, the Secretary expressly waives, releases and forever discharges any and all claims which the Secretary has or may have against Skilling, relating to, arising out of, or in connection with the matters, transactions, events, acts and omissions alleged in the Complaint subject to paragraph 4 of this Consent Decree.

10.     This Consent Decree represents a full, final and complete judicial resolution of all claims between the Secretary and Skilling in the *Chao* Action.

11.     This Consent Decree is not binding upon any agency of the United States Government other than the United States Department of Labor. Further, no agreements

contained herein shall inure to the benefit of any person, entity or agency not expressly named herein; and no such person, entity or agency shall be deemed to be a third-party beneficiary hereof or to have any rights or remedies by reason hereof.

12.     The undersigned attorneys acknowledge and represent that they are counsel of record for the parties and are authorized and empowered to execute this Consent Decree on behalf of their respective clients.

13.     The Court shall retain such jurisdiction over the parties to this Consent Decree as may be necessary to enforce its executory provisions.

The Court, finding that there is no just reason to delay the entry of this Consent Decree, expressly directs the entry thereof as a final order.

SO ORDERED this _1st_ day of _December_, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

10

The undersigned apply for and consent to the entry of the foregoing Consent Decree.

COUNSEL FOR SKILLING

Daniel Petrocelli
Jeffrey Barker
O'Melveny and Myers

_November 20, 2006_
Date

COUNSEL FOR THE SECRETARY

Timothy Hauser
Robin Springberg Parry
Department of Labor

_November 20, 2006_
Date

11