## SETTLEMENT TERM SHEET

*Tittle v. Enron Corp.*, No. H-01-3913 (the "*Tittle* Action")
*Chao v. Enron Corp.*, No. H-03-2257 (the "*Chao* Action")

Jeffrey K. Skilling ("Skilling"), the Named Plaintiffs in the *Tittle* Action ("*Tittle* Plaintiffs"), and the Secretary of Labor (the "Secretary") (collectively the "Settling Parties") agree to settle on the following terms:

1. *Tittle* Plaintiffs will dismiss with prejudice all claims that were brought or could have been brought against Skilling in the *Tittle* Action.

2. The Secretary will dismiss with prejudice all claims that were or could have been brought against Skilling in the *Chao* Action.

3. Skilling will dismiss with prejudice his pending appeals in Fifth Circuit Court of Appeals Nos. 05-20380 and 05-20582 and withdraw all pending objections or motions in the *Tittle* and *Chao* Actions in the district court.

4. Skilling will relinquish any interest he has in the Enron Savings Plan and the Enron ESOP.

5. If the October 23, 2006 Order of Forfeiture entered in *U.S.A. v. Skilling*, Cr. No. H-04-25 (the "Forfeiture Order"), is not appealed or is affirmed on appeal such that it is final and subject to no further appeal or review, upon the forfeited funds being made available to provide restitution to victims as provided for in Paragraph 6 of the Forfeiture Order and in the Settlement Agreement referred to therein, Skilling shall have no obligation to make further payment with respect to the *Tittle* Action or the *Chao* Action. If the Forfeiture Order is vacated on appeal, or is otherwise modified so that the forfeited funds are not made so available to provide restitution to victims, then Skilling shall pay $2,500,000 to the settlement fund to be provided for in the settlement agreement described in Paragraph 11 below in satisfaction of settlement of the *Tittle* Action and the *Chao* Action, and $500,000 in settlement of the penalty under ERISA § 502(l) as directed by the Secretary of Labor, whereupon Skilling shall then have no further payment obligation with respect to the *Tittle* Action or the *Chao* Action.

6. Skilling will assign all of his rights under and with respect to Enron's Fiduciary and Employee Benefit Liability Insurance Policies issued by Associated Electric & Gas Insurance Services Limited, as Primary Carrier (Policy Number F0079A1A99), and Federal Insurance Company, as Excess Carrier (Policy Number 8146-41-84A BHM) to the participants and beneficiaries in the Enron Savings Plan and the Enron ESOP.

7. Skilling will be permanently enjoined from serving, directly or indirectly, individually or through any entity or any other person:
   (1) as an administrator, fiduciary, officer, trustee, custodian, counsel, agent, employee, or representative in any capacity of any employee benefit plan covered by ERISA;
   (2) as a consultant or adviser to an employee benefit plan covered by ERISA, including but not limited to any entity whose activities are in whole or substantial part devoted to providing goods or services to any employee benefit plan covered by ERISA, or
   (3) in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets or property of any employee benefit plan covered by ERISA.

EXHIBIT A

8. Skilling will expressly waive, release and forever discharge any and all claims which he has or may have against the Secretary and the Department of Labor, or any of their officers, agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the filing, prosecution and maintenance of the *Chao* Action or any other proceeding or investigation incident thereto. In particular, Skilling expressly waives any and all claims under the Equal Access to Justice Act (Pub. Law No. 96-481 [1980], reenacted at Pub. Law No. 99-80 [1985] and amended at Pub. Law No. 104-121 [1996]) which he has or may have against the Secretary and the Department of Labor, or any of their officers, agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the filing, prosecution and maintenance of this action or investigation incident thereto. The Secretary of Labor will expressly waive, release and forever discharge any and all claims which she or the Department of Labor has or may have against Skilling relating to or arising out of the same operative facts as the claims asserted in the *Chao* Action. The *Tittle* Plaintiffs will expressly waive, release and forever discharge any and all claims which they have or may have against Skilling relating to or arising out of the same operative facts as the claims asserted in the *Tittle* Action.

9. The parties shall seek court approval of the dismissals referred to above in Paragraphs 1-3.

10. The parties agree that this settlement does not constitute an admission or denial of liability.

11. Upon execution of this Term Sheet, counsel will jointly call Judge Harmon to tell her of the settlement and will promptly seek a stay of all pending civil proceedings in the district court and the Fifth Circuit relating to Skilling.

12. The parties will memorialize the terms with respect to the *Tittle* Action in a Settlement Agreement and with respect to the *Chao* Action in a Consent Decree. The Court will have continued jurisdiction over the parties to the Settlement Agreement and Consent Decree and the subject matter of the *Tittle* and *Chao* actions and will be empowered to provide the relief herein.

13. If, at any time following the entry of the Consent Decree, the Secretary has a reasonable and good faith belief that Skilling has made a material misrepresentation to the Secretary, including but not limited to his financial status and the financial information provided to the Secretary during the course of the parties' settlement negotiations, then the Secretary may seek redress from the Court to establish that a material misrepresentation may have occurred. The Secretary shall be permitted to use all discovery procedures available under the Federal Rules of Civil Procedure to investigate and establish whether Skilling has made a material misrepresentation. Upon a sufficient showing of material misrepresentation, the Court shall enter a judgment against Skilling in the amount by which Skilling understated the actual value of his assets. For purposes of this paragraph, a misrepresentation is material if it would affect a reasonable person's determination whether to enter into the Settlement Term Sheet.

14. This settlement shall become final when the order finally approving this settlement becomes final. If the Court approves all of the terms and conditions herein, or if the parties elect to proceed with the settlement even though some of the terms or conditions herein are not approved by the Court, then the settlement shall become final when the

order approving this settlement becomes a final order. If any term or condition herein is not approved by the Court, then any party may elect to terminate the entire settlement and the parties shall jointly move to lift all stays then in effect. If the settlement is terminated, no term or condition of the settlement may be used against any party in subsequent litigation.

15. The parties agree that nothing in the settlement shall release, waive, or modify the ability of the Secretary or the *Tittle* Plaintiffs to obtain additional recoveries from any other source or party who is not a signatory to the settlement based upon the claims asserted in the *Chao* and *Tittle* Actions; recoveries from such other sources and parties shall in no way reduce or offset the obligations of Skilling under the settlement.

16. Each party shall bear its own costs, expenses, and attorneys' fees incurred with the actions listed above and all matters relating thereto.

17. The compromise and settlement set forth herein is not binding upon any agency or affiliate of the United States Government other than the Department of Labor. Further, no agreements contained herein shall inure to the benefit of any person, entity or agency not expressly named as a party hereto; and no such person, entity or agency shall be deemed to be a third-party beneficiary hereof or to have any rights or remedies by reason hereof.

18. This Settlement Term Sheet can be signed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

19. The parties shall cooperate with the goal of obtaining final approval as quickly as is practicable and agree to prepare and execute seasonably, and in no event later than November 30, 2006, all documents (including without limitation a written settlement agreement) necessary to achieve preliminary approval.

Approved:

LEAD COUNSEL FOR *TITTLE* PLAINTIFFS

*[signature]*

Lynn Lincoln Sarko
Ron Kilgard
Britt Tinglum
Keller Rohrback, LLP

11-14-06
Date

*[signature]*

Steve Berman
Clyde A. Platt
Hagens Berman Sobol Shapiro, LLP

November 14, 2006
Date

COUNSEL FOR THE SECRETARY

*[signature]*

Timothy Hauser
Robin Springberg Parry
Department of Labor

Nov. 14, 2006
Date

COUNSEL FOR SKILLING

Daniel Petrocelli
Karen Wahle
Jeffrey Barker
O'Melveny & Myers, LLP

_____
Date

Approved:

LEAD COUNSEL FOR *TITTLE* PLAINTIFFS

_____  
Lynn Lincoln Sarko  
Ron Kilgard  
Britt Tinglum  
Keller Rohrback, LLP

_____  
Date

COUNSEL FOR THE SECRETARY

_____  
Timothy Hauser  
Robin Springberg Parry  
Department of Labor

Nov. 14, 2006  
_____  
Date

_____  
Steve Berman  
Clyde A. Platt  
Hagens Berman Sobol Shapiro, LLP

_____  
Date

COUNSEL FOR SKILLING

_____  
Daniel Petrocelli  
Karen Wahle  
Jeffrey Barker  
O'Melveny & Myers, LLP

Nov 14, 2006  
_____  
Date

11/15/2006 11:24 FAX                 ☑002/002