IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAMELA M. TITTLE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ENRON CORP., et al., <br><br> Defendants. | No. H 01-CV-3913 |
| ELAINE L. CHAO, Secretary of the United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> ENRON CORPORATION, et al., <br><br> Defendants. | No. H 03-CV-2257 <br><br> Consolidated with <br> No. H-01-CV-3913 |

**CONSENT DECREE**
**BETWEEN THE SECRETARY OF LABOR AND LINDA PHILLIPS. LAY,**
**AS EXECUTRIX OF THE ESTATE OF**
**KENNETH LEE LAY, DECEASED**

Plaintiff, ELAINE L. CHAO, Secretary of the United States Department of Labor (the "Secretary"), and Defendant Linda Phillips Lay, as executrix of the Estate of Kenneth Lee Lay, Deceased, have agreed to settle the matters in controversy in *Chao v. Enron Corp. et al.*, Civil No. H 03-CV-2257 (the "*Chao* Action") pursuant to the terms of the Settlement Term Sheet, attached hereto, and consent to the entry of this Consent Decree in accordance herewith:

1

*WHEREAS,* the Secretary's complaint (the "Complaint") was filed in the United States District Court for the Southern District of Texas (the "Court") against Kenneth L. Lay, among others, on June 26, 2003, pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*;

*WHEREAS,* Kenneth L. Lay died on July 5, 2006 and the Court has, pursuant to Fed. R. Civ. P. 25, substituted for Defendant Kenneth L. Lay ("Mr. Lay") in this action the executrix of his estate, his widow, Mrs. Linda Phillips Lay ("Executrix");

WHEREAS, pursuant to a Settlement Term Sheet reached among the following parties: (i) the Secretary; (ii) Executrix; (iii) Consulting Fiduciaries, Inc. as Independent Fiduciary of the Settling Plans (the "Independent Fiduciary"); and (iv) the named plaintiffs in the "Tittle Action" (Tittle. et.al. v. Enron Corp. et. al., Civil No. H 01-CV-3913)(the "Tittle Plaintiffs"); the parties have stipulated, among other things, that:

(a)   The Tittle Plaintiffs agree that the judgment, described below, will be in full and final resolution of the Tittle Action as to Executrix, including all claims that were brought or could have been brought against Mr. Lay in the Tittle Action;

(b)   The Secretary agrees that the judgment, described below, will be in full and final resolution of the Chao Action as to Executrix, including all claims that were or could have been brought against Mr. Lay in the Chao Action. The parties expressly agree, however, that nothing herein shall release, waive, or modify the ability of the Secretary to seek any penalty provided under 502(l) of ERISA from Executrix or any other party, and that Executrix reserves, maintains, and does not

2

release, waive or otherwise relinquish any defenses to any action for the recovery of such penalty. Recovery of any such penalty shall in no way reduce or offset the obligations of Executrix under the settlement;

(c) Executrix will dismiss her pending appeals in Tittle v. Enron Corp., --- F.3d ----, 2006 WL 2522444 (5th Cir. 2006), and Tittle v. Enron Corp., No. 05-20582 (5th Cir. app. docketed July 22, 2005), and withdraw all pending objections or motions in the district court to the extent that the Fifth Circuit Court of Appeals has not issued an opinion on such appeals.

(d) Executrix will stipulate to judgment in the Tittle and Chao Actions in the amount of $12,000,000 and will approve this amount as a claim in the probate proceedings, In re Estate of Kenneth Lee Lay, Deceased, Case No. 365,446, In the Probate Court No. 1, Harris County, Texas (filed July 20, 2006). The parties also stipulate that the judgment shall be entered against Linda Phillips Lay solely in her capacity as Executrix of the Estate of Kenneth L. Lay, Deceased, and shall not be entered against Linda Phillips Lay in her individual capacity; and

(e) Executrix will release all of her rights under and with respect to Enron's Fiduciary and Employee Benefit Liability Insurance Policies issued by Associated Electric & Gas Insurance Services Limited, as Primary Carrier (Policy Number F0079A1A99), and Federal Insurance Company, as Excess Carrier (Policy Number 8146-41-84A BHM).

*WHEREAS*, upon consideration of the record, and as agreed to by the parties, the Court finds that it has jurisdiction over the parties and the subject matter of this civil action;

*WHEREAS*, the Secretary and Executrix have negotiated an agreement to settle all claims and issues between them arising from the matters alleged in the Secretary's Complaint;

*WHEREAS*, the Secretary and Executrix represent to the Court that this Consent Decree and the attached Settlement Term Sheet are the sole and complete memorialization of the agreement negotiated between them;

WHEREAS, contemporaneously herewith, the Tittle Plaintiffs in the Tittle Action have entered into a Class Action Settlement Agreement memorializing the agreement negotiated between the Tittle Plaintiffs and Executrix;

*WHEREAS*, the Secretary is not a party to the Class Action Settlement Agreement, and that Agreement does not and cannot, therefore, operate to release, interfere with, qualify, or bar the prosecution of her claims for any type of remedy, monetary or non-monetary, against any defendant;

*WHEREAS*, the Secretary and Executrix expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Consent Decree as a full and complete resolution of the Chao Action against Executrix;

*ACCORDINGLY*, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. This Court has jurisdiction over the parties to this Consent Decree and the subject matter of this civil action and is empowered to provide the relief herein.

2. To settle this matter in its entirety and to put an end to the controversy between the parties, the Secretary agrees that this Consent Decree will be a full and final resolution of the Chao Action as to Executrix, including all claims that were or could have been brought against Mr. Lay in the Chao Action. The parties expressly agree, however, that nothing herein shall release, waive, or modify the ability of the Secretary to seek any penalty provided under Section 502(l) of ERISA from Executrix or any other party, and that Executrix reserves, maintains, and does not release, waive or otherwise relinquish any defenses to any action for the recovery of such penalty. Recovery of any such penalty shall in no way reduce or offset the obligations of Executrix under the Class Action Settlement Agreement or this Consent Decree.

3. To settle this matter in its entirety and to put an end to the controversy between the parties, Executrix agrees to:

   a. Dismiss Executrix's pending appeals in Tittle v. Enron Corp., --- F.3d ----, 2006 WL 2522444 (5th Cir. 2006), and Tittle v. Enron Corp., No. 05-20582 (5th Cir. app. docketed July 22, 2005), to the extent that the Fifth Circuit Court of Appeals has not issued an opinion on such appeals, and withdraw all pending objections or motions in the district court in the Tittle Action and in the Chao Action.

   b. Stipulate to judgment in the *Tittle* Action and the Chao Action in the amount of $12,000,000, and approve this amount as a claim (the "Claim") in the probate proceedings, *In re Estate of Kenneth Lee Lay, Deceased*, Case No. 365,446, Probate Court No. 1, Harris County, Texas (filed July 20, 2006) (the "Estate"). The parties further stipulate that the judgment in the Class Action Settlement Agreement and this Consent Decree shall be entered against Executrix in her capacity as executrix of the Estate of Mr. Lay, and shall not be entered against Executrix in her individual capacity. Executrix will pay the Claim if, as, and when all claims have been processed and placed in order of priority and sufficient funds or assets are available to pay all or any portion of the Claim pursuant to relevant probate law and procedure and shall not reject, disapprove, or compromise the Claim in those proceedings.

c. Pay the Claim from the Estate in accordance with the Class Action Settlement Agreement. If payment from the Estate on behalf of this Claim is less than $12,000,000 due to the insufficiency of the estate assets to fully pay the Claim, such payment shall not be construed as a rejection, disapproval or compromise of the Claim.

d. Release all of her rights and all of Mr. Lay's rights under and with respect to Enron's Fiduciary and Employee Benefit Liability Insurance Policies issued by Associated Electric & Gas Insurance Services Limited, as Primary Carrier (Policy Number F0079A1A99), and Federal Insurance Company, as Excess Carrier (Policy Number 8146-41-84A BHM).

e. Provide adequate information to the Secretary concerning the financial status of the Estate. If the Secretary is not satisfied with the information provided, she shall have the right to withdraw this Consent Decree prior to the final approval hearing of the Class Action Settlement Agreement by giving notice to the parties at least five (5) calendar days prior to the final approval hearing.

4. In the event that, for any reason whatsoever, (a) any part of the moneys attributable to the Claim in the probate proceedings is deposited anywhere other than in the Settlement Fund, as that term is defined in the Class Action Settlement Agreement, (b) except and other than as provided below, the terms of the Class Action Settlement Agreement are otherwise materially altered or the parties to that settlement change, (c) this Court declines to approve the Class Action Settlement Agreement in whole or part, or (d) an order approving the Class Action Settlement Agreement is reversed on appeal, then at the Secretary's or Executrix's sole discretion, this Consent Decree may be deemed null and void and shall, upon written notice by the Secretary or Executrix served upon the parties to this Consent Decree, be vacated by the Court. The Secretary's and Executrix's right to declare this Consent Decree null and void shall expire, automatically, thirty (30) days after the last event described in section (a) - (d) of this paragraph 4 occurs. In the event that the Secretary or Executrix makes such an election, the Secretary or Executrix shall provide written notice to that effect, within

the thirty (30) day period, to the parties to this Consent Decree via the Secretary's or Executrix's counsel, or, if there is a substitution of counsel and notice of that substitution is provided to the parties, such other substituted counsel. In the event that the Secretary elects to declare this Consent Decree null and void, then the Secretary or Executrix will be free to pursue all of the claims alleged in the Complaint or any amendment of that Complaint and to seek all relief prayed for in the Complaint or any Amended Complaints against Executrix, and the Executrix shall be free to assert all defenses, counterclaims, and avoidances as if this Consent Decree had not been entered. In the event that the Consent Decree is declared null and void, the Secretary may file a claim against the Estate to which Executrix agrees that Executrix will not object on the basis of lateness, but reserves Executrix's rights to object to such claim against the Estate on any other grounds.

5. Nothing in this Consent Decree shall preclude the Secretary from initiating or continuing any audit or investigation, or from pursuing any claims or actions against any entities or persons other than Executrix, both individually and as executrix, concerning the facts arising out of the Complaint.

6. It is expressly agreed and understood by the parties hereto: (a) that this Consent Decree does not encompass any claims that the Secretary has asserted or may assert against any person or entity other than Executrix, both individually and as executrix, and (b) that the Secretary expressly reserves any and all such claims against all persons and entities other than Executrix, both individually and as executrix. The parties hereto agree, and this Court finds, that the terms of this Consent Decree set forth the sole terms of the Secretary's settlement with Executrix, that the Secretary is not a party to the

Class Action Settlement Agreement, and that nothing in the Class Action Settlement Agreement, or any bar order issued pursuant to that Agreement, will be construed to release, interfere with, qualify, or bar the prosecution of claims by the Secretary for any type of remedy, monetary or non-monetary. Any recovery pursuant to the Class Action Settlement Agreement, however, may reduce the amount of losses actually incurred by the Enron Corp. Savings Plan or Enron Corp. ESOP and, to that extent and to that extent only, reduce the amount recoverable by the Secretary in her own action.

7. Each party to this Consent Decree shall bear her own costs, expenses, and attorneys' fees incurred in connection with this civil action and all matters relating thereto.

8. Executrix expressly waives, releases and forever discharges any and all claims which Executrix has or may have against the Secretary and the Department of Labor, or any of their officers, agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the filing, prosecution and maintenance of this civil action or any other proceeding or investigation incident thereto. In particular, Executrix expressly waives any and all claims under the Equal Access to Justice Act (Pub. Law No. 96-481 [1980], reenacted at Pub. Law No. 99-80 [1985] and amended at Pub. Law No. 104-121 [1996] which Executrix has or may have against the Secretary and the Department of Labor, or any of their officers, agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the filing, prosecution and maintenance of this action or investigation incident thereto.

9. Upon satisfaction of the conditions set forth in this Consent Decree, the Secretary expressly waives, releases and forever discharges any and all claims which the

Secretary has or may have against Executrix, individually and as executrix, including their agents, attorneys, employees, or representatives, relating to, arising out of, or in connection with the matters, transactions, events, acts and omissions alleged in the Complaint subject to paragraph 4 of this Consent Decree.

10. This Consent Decree represents a full, final and complete judicial resolution of all claims between the Secretary and Executrix, individually and as executrix, in the Chao Action.

11. This Consent Decree is not binding upon any agency of the United States Government other than the United States Department of Labor.

12. The undersigned attorneys acknowledge and represent that they are counsel of record for the parties and are authorized and empowered to execute this Consent Decree on behalf of their respective clients.

13. The Court shall retain such jurisdiction over the parties to this Consent Decree as may be necessary to enforce its executory provisions.

The Court, finding that there is no just reason to delay the entry of this Consent Decree, expressly directs the entry thereof as a final order.

SO ORDERED this 1st day of December, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

The undersigned apply for and consent to the entry of the foregoing Consent Decree.

| COUNSEL FOR LAY | COUNSEL FOR THE SECRETARY |
|---|---|
| *(signature)* | |
| Marvin Nathan | Timothy Hauser |
| Nathan Sommers Jacobs | Department of Labor |
| OCTOBER 17, 2006 | |
| Date | Date |

The undersigned apply for and consent to the entry of the foregoing Consent Decree.

| COUNSEL FOR LAY | COUNSEL FOR THE SECRETARY |
|---|---|
| _____ | _/s/ Timothy Hauser_____ |
| Marvin Nathan | Timothy Hauser |
| Nathan Sommers Jacobs | Department of Labor |
| _____ | October 17, 2006 |
| Date | Date |

10